WISCONSIN BUILDERS ASSOCIATION,
Plaintiff-Appellant,†

v.

STATE of Wisconsin DEPARTMENT OF COMMERCE,
Defendant-Respondent.

Court of Appeals

*No. 2008AP1438. Submitted on briefs November 12, 2008.
—Decided December 23, 2008.*

2009 WI App 20

(Also reported in 762 N.W.2d 845.)

† Petition to review denied 4/14/09.

301

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Charles V. Sweeney* and *Lori M. Lubinsky* of *Axley Brynelson, LLP*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Christopher J. Blythe, asst. attorney general*, and *J.B. Van Hollen, attorney general*.

Before Higginbotham, P.J., Vergeront and Bridge, JJ.

¶ 1. VERGERONT, J. The issue on this appeal is whether WIS. ADMIN. CODE § COMM 62.0903(6) (Feb.

2008),[1] addressing automatic fire sprinkler systems in multifamily dwellings, conflicts with Wis. Stat. § 101.14(4m)(b) (2005–06),[2] which addresses the same topic. The circuit court concluded there was no conflict because the rule required automatic fire sprinkler systems in multifamily dwellings with the number of dwelling units and floor area required by the statute, and nothing in the statute prohibited the Department of Commerce from requiring the sprinkler systems in multifamily dwellings with fewer dwelling units or a smaller floor area. The Wisconsin Builders Association appeals, contending that the statute plainly restricts the Department's authority to requiring sprinkler systems in multifamily dwellings that have no fewer dwelling units and no smaller floor area than that provided in the statute.

¶ 2.   We affirm the circuit court's summary judgment in favor of the Department. We agree that Wis. Stat. § 101.14(4m)(b) plainly does not restrict the authority the Department has under other statutory provisions to promulgate rules requiring fire protection devices in multifamily dwellings that have fewer dwelling units or a smaller floor area than that specified in this statute. Accordingly, Wis. Admin. Code § Comm 62.0903(6) is not inconsistent with § 101.14(4m)(b) and the circuit court properly concluded the rule was valid.

## BACKGROUND

¶ 3.   Wisconsin Builders filed this action seeking a declaratory judgment that Wis. Admin. Code § Comm

---

[1] All references to the Wisconsin Administrative Code are to the February 2008 version unless otherwise noted.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

62.0903(6) conflicts with WIS. STAT. § 101.14(4m)(b). Section 101.14(4m)(b) provides:

> The department shall require an automatic fire sprinkler system or 2–hour fire resistance in every multifamily dwelling that contains any of the following:
>
> 1. Total floor area, for all individual dwelling units, exceeding 16,000 square feet.
>
> 2. More than 20 dwelling units.
>
> 3. Total floor area of its nondwelling unit portions exceeding the limits established in par. (c).[3]

(Footnote added.)

¶ 4. WISCONSIN ADMIN. CODE § COMM 62.0903(6) requires sprinkler systems, prior to January 1, 2011, in all

---

[3] WISCONSIN STAT. § 101.14(4m)(c) provides:

> An automatic fire sprinkler system or 2–hour fire resistance is required under par. (b) in a multifamily dwelling constructed by any of the following types of construction if the total floor area of the nondwelling unit portions in the multifamily dwelling exceeds the following:
>
> 1. Type 1 fire resistive construction, 16,000 square feet.
>
> 2. Type 2 fire resistive construction, 12,000 square feet.
>
> 3. Type 3 metal frame protected construction, 8,000 square feet.
>
> 4. Type 4 heavy timber construction, 5,600 square feet.
>
> 5. Type 5A exterior masonry protected, 5,600 square feet.
>
> 6. Type 5B exterior masonry unprotected, 5,600 square feet.
>
> 7. Type 6 metal frame unprotected, 5,600 square feet.
>
> 8. Type 7 wood frame protected construction, 5,600 square feet.
>
> 9. Type 8 wood frame unprotected construction, 4,800 square feet.

newly constructed multifamily dwellings that contain more than 16,000 square feet or more than eight dwelling units. As of January 1, 2011, sprinkler systems will be required in all newly constructed multifamily dwellings except townhouses meeting certain specifications.[4]

¶ 5. On summary judgment the circuit court rejected Wisconsin Builders' contention that WIS. STAT. § 101.14(4m)(b) limits the rulemaking authority the Department would otherwise have and precludes the Department from requiring sprinkler systems in multifamily dwellings that have twenty or fewer dwelling units or are 16,000 square feet or less in floor area. Accordingly, the court granted summary judgment in favor of the Department.

## DISCUSSION

¶ 6. On appeal Wisconsin Builders contends the circuit court erred in its construction of WIS. STAT. § 101.14(4m)(b) because, according to Wisconsin Builders, the statute plainly sets a minimum size for the multifamily dwelling units that are required to have a sprinkler system and the Department may not require them in multifamily dwellings that have fewer dwelling units or a smaller floor area. The Department responds that the rule does not conflict with the statute because the statute plainly does not prohibit the Department

---

[4] According to Wisconsin Builders' brief, the rule in effect prior to WIS. ADMIN. CODE § COMM 62.0903(6) (Feb. 2008) required sprinkler systems only in multifamily dwellings that had more than twenty dwelling units or floor areas exceeding those specified in WIS. STAT. § 101.14(4m)(b).

from requiring sprinkler systems in smaller multifamily dwellings.[5]

¶ 7. When we review a grant of summary judgment, we apply the same methodology as the circuit court and our review is de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Summary judgment is proper when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Where, as here, the facts are undisputed, the issue is which party is entitled to judgment as a matter of law.

¶ 8. An administrative agency has only those powers given to it by statute and an agency may not promulgate a rule that conflicts with a statute. *Mallo v. DOR*, 2002 WI 70, ¶ 15, 253 Wis. 2d 391, 645 N.W.2d 853. If a rule is not authorized by statute it must be invalidated. *Id.*, ¶ 14. Resolving an alleged conflict between a rule and a statute requires statutory interpretation, which presents a question of law for our de novo review. *Id.*

---

[5] We note that WIS. STAT. § 101.14(4m)(b) mandates that the Department "require an automatic fire sprinkler system *or* 2–hour fire resistance in every multifamily dwelling" that meets the specifications in § 101.14(4m)(b)1.-3. (Emphasis added.) As we read WIS. ADMIN. CODE § COMM 62.0903(6), it requires sprinkler systems instead of two-hour fire resistance, except in certain instances for townhouses. *See* § COMM 62.0903(6)(d)4. For ease of reference and in keeping with the parties' approach, we will refer simply to automatic fire sprinkler systems, shortened to "sprinkler systems," and not to the alternative of two-hour fire resistance. The analysis of the Department's authority is the same for both types of fire protection devices.

¶ 9. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If, employing these principles, the statutory language yields a plain meaning, then we apply that plain meaning. *Id.*, ¶ 46.

¶ 10. We begin by noting that the Department has the general authority to enforce and administer all laws and lawful orders that require public buildings to be safe and that require "the protection of the life, health, safety and welfare of . . . the public or tenants in any such public building." Wɪs. Sᴛᴀᴛ. § 101.02(15). "Public building" includes multifamily dwellings with three or more tenants. *See* Wɪs. Sᴛᴀᴛ. § 101.01(12).⁶ More spe-

---

⁶ "Public building" in Wɪs. Sᴛᴀᴛ. § 101.01(12) means:

any structure, including exterior parts of such building, such as a porch, exterior platform, or steps providing means of ingress or egress, used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public or by 3 or more tenants . . . .

"Multifamily dwelling" is defined in Wɪs. Sᴛᴀᴛ. § 101.971(2) as:

an apartment building, rowhouse, town house, condominium, or manufactured building, as defined in s. 101.71 (6), that does not

cifically, with respect to fire protection devices, WIS. STAT. § 101.14(4)(a) provides that the Department "shall make rules, pursuant to ch. 227, requiring owners of . . . public buildings to install such fire detection, prevention, or suppression devices as will protect the health, welfare, and safety of all . . . frequenters of . . . public buildings." Thus, in the absence of § 101.14(4m)(b), the Department plainly has the authority to promulgate WIS. ADMIN. CODE § COMM 62.0903(6), and Wisconsin Builders does not argue otherwise.

¶ 11. Wisconsin Builders' position is that WIS. STAT. § 101.14(4m)(b) removes not only the Department's discretion on whether or not to require sprinkler systems in multifamily dwellings that have more than twenty dwelling units or exceed the specified floor areas, but also removes the Department's authority to require sprinkler systems in smaller multifamily dwellings. Turning to an examination of the statutory language, we agree with Wisconsin Builders that the use of the word "shall" in § 101.14(4m)(b) means that the Department *must* require sprinkler systems in every multifamily dwelling that has more than twenty dwelling units or exceeds the specified floor areas. However, this paragraph is silent on whether the Department may require sprinkler systems in multifamily dwellings with fewer dwelling units or smaller floor areas. Had the legislature intended to remove the authority the Department has under other statutory provisions to require fire protection devices in multifamily dwellings with fewer dwelling units or

---

exceed 60 feet in height or 6 stories and that consists of 3 or more attached dwelling units the initial construction of which is begun on or after January 1, 1993. "Multifamily dwelling" does not include a facility licensed under ch. 50.

This definition of multifamily dwelling applies in WIS. STAT. § 101.14(4m)(b). *See* § 101.14(4m)(a)3.

309

smaller floor areas, we would expect that the legislature would have expressly stated that. As it is, we see no basis in the language of § 101.14(4m)(b) for limiting the Department's general authority to promulgate rules that require fire protection devices in multifamily dwellings that have fewer dwelling units or smaller floor areas than those prescribed in the statute. We conclude that § 101.14(4m)(b) limits the authority the Department has under Wis. Stat. §§ 101.02(15) and 101.14(4)(a) only insofar as it mandates the Department to require sprinkler systems in multifamily dwellings that exceed twenty units or the specified floor area.[7]

¶ 12.   Because we see no limitation in Wis. Stat. § 101.14(4m)(b) on the Department's authority to require fire protection devices in multifamily dwellings that have fewer dwelling units or smaller floor areas than those specified in this statute, we do not agree with Wisconsin Builders that Wis. Admin. Code § Comm 62.0903(6) conflicts with this statute. This rule fulfills the statutory mandate that the Department require sprinkler systems in multifamily dwellings that have more than twenty dwelling units and more than the specified floor area. Requiring sprinkler systems in multifamily dwellings with fewer dwelling units, and (after January 1, 2011) in all multifamily dwelling

---

[7] Because we conclude Wis. Stat. § 101.14(4m)(b) plainly does not limit the Department's authority as Wisconsin Builders contends, we do not consider the legislative history offered by Wisconsin Builders to support its construction. *See State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶¶ 50–51, 271 Wis. 2d 633, 681 N.W.2d 110 (generally, courts do not consider legislative history unless a statute is ambiguous, although they may do so to confirm a plain meaning interpretation).

units, except for certain types of townhouses, does not conflict with the statutory mandate.[8]

## CONCLUSION

¶ 13. We affirm the circuit court's summary judgment in favor of the Department. We agree that WIS. STAT. § 101.14(4m)(b) plainly does not restrict the authority the Department has under other statutory provisions to promulgate rules requiring fire protection devices in multifamily dwellings that have fewer dwelling units or a smaller floor area than that specified in the statute. Accordingly, WIS. ADMIN. CODE § COMM 62.0903(6)

---

[8] In its reply brief, Wisconsin Builders contends that the Department's proposed construction of WIS. STAT. § 101.14(4m)(b) is illogical because it would mean that, if the legislature mandates a speed limit of sixty-five-miles per hour on state highways, the Department of Transportation (DOT) has the authority to set the speed limit at forty-five-miles per hour instead, because this is more restrictive. This is not a developed argument. If this is a hypothetical that assumes no statutory authority is given DOT to establish speed limits, then it is not comparable to the statutory framework in this case, under which the legislature has chosen to give the Department rulemaking authority under WIS. STAT. §§ 101.02(15) and 101.14(4)(a) to require fire protection devices in multifamily dwellings. On the other hand, if this argument is premised on a similarity between the statutory authority granted DOT with respect to speed limits and that granted the Department with respect to fire protection devices, it is deficient because Wisconsin Builders does not tell us anything about DOT's statutory authority with respect to speed limits. Most importantly, we determine the power of an administrative agency based on the specific statutes that govern that particular agency. Therefore, we do not see the relevance of DOT's authority regarding speed limits to the determination of the Department's authority regarding sprinkler systems.

is not inconsistent with § 101.14(4m)(b) and the circuit court properly concluded the rule was valid.

*By the Court.*—Judgment affirmed.